UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDWARD KEYES,

                Plaintiff,

   -against-

COUNTY OF NASSAU,
NASSAU COUNTY DETECTIVE ROBERT J. SULLIVAN,
NASSAU COUNTY DETECTIVE RYAN F. O'LEARY and
NASSAU COUNTY DETECTIVE RYAN K. HAYDEN,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands A
Trial By Jury

Plaintiff, by his attorneys SIVIN, MILLER & ROCHE LLP, as and for his complaint herein, alleges as follows, upon information and belief:

### THE PARTIES, JURISDICTION and VENUE

1. That at all times herein mentioned, Plaintiff was and is a United States citizen, and a citizen of the State of New York.

2. That at all times herein mentioned, Defendant County of Nassau (hereinafter "the County") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, the County operated, controlled, managed, and maintained the Nassau County Police Department (hereinafter the "NCPD").

4. That at all times herein mentioned, Defendant Nassau County Detective Robert J. Sullivan (hereinafter "Sullivan") was and is employed as a police detective with the NCPD.

5. That at all times herein mentioned, Sullivan was acting within the course and scope of his employment with the NCPD.

6. That at all times herein mentioned, Sullivan was acting under color of state law.

7. That at all times herein mentioned, Defendant Nassau County Detective Ryan F. O'Leary (hereinafter "O'Leary") was and is employed as a police detective with the NCPD.

8. That at all times herein mentioned, O'Leary was acting within the course and scope of his employment with the NCPD.

9. That at all times herein mentioned, O'Leary was acting under color of state law.

10. That at all times herein mentioned, Defendant Nassau County Detective Ryan K. Hayden (hereinafter "Hayden") was and is employed as a police detective with the NCPD.

11. That at all times herein mentioned, Hayden was acting within the course and scope of his employment with the NCPD.

12. That at all times herein mentioned, Hayden was acting under color of state law.

13. That this Court has jurisdiction over this action in that some of the causes of action herein arise under 42 U.S.C. § 1983.

14. That venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to this action occurred in this district.

15. That prior to the institution of this action and within ninety (90) days from the date when the state-law cause of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with Defendants on behalf of Plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the Defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the state-law cause of action accrued herein.

16. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

17. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

18. On the evening of May 20, 2020, at or around 412 Northern Parkway, Uniondale, NY, Plaintiff and another individual named Sean Rogers (hereinafter "Rogers") were seated inside Rogers' parked motor vehicle.

19. While Plaintiff and Rogers were seated inside the vehicle, two men pulled up alongside the vehicle in a minivan and then exited the minivan and approached the vehicle at gunpoint in what appeared to Plaintiff to be an attempt to rob them.

20. One of the assailants then grabbed a bag of marijuana that Rogers had in his possession.

21. After one of the assailants grabbed the bag of marijuana, Rogers exited the vehicle in an apparent attempt to flee from the area where the vehicle was parked.

22. After Rogers exited the vehicle, Plaintiff, in fear for his life, fled the scene by driving off in Rogers' vehicle.

23. Within a few minutes of Plaintiff fleeing from the scene, Rogers called 9-1-1 and reported to the NCPD that his vehicle had just been stolen by two men at gunpoint.

24. In this initial reporting to the NCPD during this 9-1-1 call, Rogers represented that he did not know the identities of either of the men who stole his vehicle.

25. On or about May 21, 2020, Sullivan, O'Leary, and Hayden were assigned by the NCPD to investigate Rogers' claim that his vehicle had been stolen.

26. As part of Defendants' initial investigation, Hayden interviewed Rogers.

27. During the course of the interview, Rogers again stated that two men approached Keyes and him at gunpoint, but this time Rogers stated that it was Keyes who then drove off in Rogers' vehicle, and that the two unknown assailants drove away in a minivan.

28. During the course of his interview of Rogers, Hayden cajoled and/or coerced Rogers into signing a typewritten statement that had been prepared by Hayden, and included the following words, "…I would like Eddie Keyes and the two unknown males in the mini van arrested."

29. Prior to signing the typewritten statement, Rogers had not conveyed to Hayden any facts or information that would have provided Hayden with probable cause to believe that Plaintiff had perpetrated any crime against Rogers on May 20, 2020, or that there was probable cause for Plaintiff's arrest.

30. Following Hayden's interview of Rogers, and Rogers' signing of the prepared statement, Hayden and the NCPD issued an Investigation Card (I-Card) for the apprehension of Plaintiff.

31. On or about August 30, 2020, officers of the New York Police Department apprehended Plaintiff and then turned him over to the NCPD pursuant to the I-Card.

32. Following Plaintiff's apprehension, Sullivan and O'Leary physically detained Plaintiff and interrogated Plaintiff about the events of May 20, 2020 involving Rogers.

33. Following their interrogation of Plaintiff, Defendants formally arrested Plaintiff and initiated a criminal prosecution of Plaintiff on various felony charges.

34. Defendants did not have probable cause to believe that Plaintiff was guilty of any of the crimes with which he was charged.

35. In support of the criminal prosecution, Hayden, Sullivan, and O'Leary generated various official documents, and made oral statements to fellow officers and detectives and to the District Attorney, which contained intentionally false representations about confessions or other inculpatory statements allegedly made by Plaintiff.

36. Among the intentionally false representations made by Hayden, Sullivan, and O'Leary about confessions or other inculpatory statements allegedly made by Plaintiff were the following: (i) Plaintiff stated that he acted in concert with the two men who approached Rogers' vehicle at gunpoint; (ii) Plaintiff stated that he knew one of the two men as "Capo"; (iii) Plaintiff stated that the two men were from Queens; and (iv) Plaintiff stated that the van in which the two men arrived and then drove off was his.

37. The false representations made by Hayden, Sullivan, and O'Leary constituted material evidence, and those statements were likely to influence a judge or jury that Plaintiff was guilty of various crimes, and to influence a judge as to the setting of bail conditions.

38. As part of the initiation of the prosecution of Plaintiff, O'Sullivan executed a sworn Felony Complaint, in which he charged Plaintiff with various felonies of which Plaintiff was innocent, and of which Sullivan did not have probable cause to believe that Plaintiff was guilty.

39. Hayden, Sullivan, and O'Leary also withheld from fellow officers and detectives and from the District Attorney evidence that tended to exculpate Plaintiff from the crimes with which he was charged.

40. Among the exculpatory evidence withheld by Defendants was evidence of Rogers' 9-1-1 call, wherein Rogers initially claimed that he did not know who drove off in his vehicle.

41. As a result of the aforementioned prosecution, the false representations made by Defendants, and the exculpatory evidence withheld by Defendants, bail was set prohibitively high for Plaintiff and Plaintiff suffered a significant deprivation of his liberty and his ability to travel.

42. As a result of the aforementioned prosecution, the false representations made by Defendants, and the exculpatory evidence withheld by Defendants, Plaintiff was incarcerated for approximately twenty-three months, from August 30, 2020 to around July 20, 2022, and was prosecuted for approximately five and one-half years.

43. During the course of the prosecution, O'Leary gave testimony before a Grand Jury, in which he knowingly made false, inculpatory statements about Plaintiff's involvement in the May 20, 2020 incident.

44. During the course of the prosecution, Sullivan gave testimony before a Petit Jury, in which he knowingly made false statements about Plaintiff's involvement in the May 20, 2020 incident.

45. On or about November 7, 2024, after a jury trial, Plaintiff was acquitted of all charges, all charges against him were dismissed, and the criminal proceeding terminated favorably to Plaintiff.

46. The aforementioned actions by Hayden, Sullivan, and O'Leary were intentional and malicious in nature.

47. Hayden, Sullivan, and O'Leary each were aware of and/or observed the aforementioned unconstitutional conduct of their fellow officers, each had multiple opportunities to intervene to prevent and/or stop that conduct, and each deliberately failed and refused to do so.

48. As a result of the aforementioned actions of Defendants, Plaintiff suffered a significant loss of liberty, humiliation, embarrassment, and damage to reputation, and physical and emotional injuries during his years of incarceration and prosecution, and thereafter, and Plaintiff endured and continues to endure physical and emotional pain and suffering and loss of enjoyment of life, as well as economic loss.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Malicious Prosecution Under NY State Law)

49. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

50. The aforesaid actions by Defendants in initiating and/or causing to be initiated the prosecution of Plaintiff, constituted a malicious prosecution of Plaintiff, for which the detectives are liable under New York State law and for which the County is vicariously liable under the doctrine of respondeat superior.

**SECOND CAUSE OF ACTION AGAINST THE DETECTIVES**
(42 U.S.C. § 1983: Malicious Prosecution)

51. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

52. The aforesaid actions by the detectives in initiating and/or causing to be initiated the prosecution of Plaintiff, constituted a malicious prosecution of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the

United States Constitution, and entitle Plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST THE DETECTTIVES
(42 U.S.C. § 1983:  Denial of Right to Fair Trial)

53. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

54. The aforementioned false statements and other actions by the detectives, and the resulting deprivation of Plaintiff's liberty, constituted a denial of Plaintiff's right to a fair trial, in violation of rights guaranteed to Plaintiff under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and entitle Plaintiff to recover damages under 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION AGAINST THE DETECTTIVES
(42 U.S.C. § 1983:  Failure to Intervene)

55. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

56. The aforementioned failure of the detectives to intervene to prevent and/or stop the unconstitutional actions of his fellow detectives resulted in a violation of rights guaranteed to Plaintiff under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and entitle Plaintiff to recover damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment in the form of compensatory damages against Defendants, and each of them, in an amount to be determined by the trier of fact, together with punitive damages against Sullivan, O'Leary, and Hayden in an amount to be determined by the trier of fact, and Plaintiff demands attorneys' fees against Sullivan, O'Leary,

and Hayden pursuant to 42 U.S.C. § 1988, and Plaintiff demands the costs and disbursements of this action.

Dated:  New York, New York
       September 16, 2025

                                     Yours, etc.
                                     SIVIN, MILLER & ROCHE LLP

                    By *s/ David Roche*
                                   David Roche
                                   Attorneys for Plaintiff
                                   20 Vesey Street, Suite 1400
                                   New York, NY  10007
                                   (212) 349-0300